D/F

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 14 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL RODRIGUEZ,

          Plaintiff,

  -against-

S. BURNETT, M. OSORIO, R. HAMILTON, GAIL
GONZALEZ, and JANE ROBERTE SAMPEUR,

          Defendants.
-----------------------------------------------------------------X

ORDER

11-CV-2585 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

      On May 13, 2011, Plaintiff pro se Michael Rodriguez ("Rodriguez"), a detainee at the North Infirmary Command, Rikers Island, filed a Complaint against Defendants alleging constitutional violations related to his April 28, 2010 parole revocation hearing. (Compl. (Docket Entry # 1).) Based on the addresses of Defendants, however, it appears that the allegedly unconstitutional parole revocation hearing took place in New York County, in the Southern District of New York—not this district. (See id. at 3 (listing Defendants' addresses at the "NYS Division of Parole" at "314 West 40th Street, New York, NY").) For complaints asserting federal question jurisdiction, venue is proper only in "a judicial district where any defendant resides, if all defendants reside in the same State [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). Because Rodriguez's Complaint lists all Defendants as residents of New York County, and because it appears that the allegedly unconstitutional parole revocation hearing took place in New York County, venue is proper in the U.S. District Court for the Southern District of New York, not this court. Accordingly, the court transfers Rodriguez's Complaint to the Southern District of New York. See 28 U.S.C. § 1406(a) ("The district court of a district in

1

which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). That provision of Rule 83.1 of the Local Civil Rules of the Eastern District of New York requiring a seven day delay is waived.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      June 10, 2011

NICHOLAS G. GARAUFIS
United States District Judge